FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2017 MAY 10 PM 12: 43
ORLANDO DIVISION

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JOSHUA DAYMEAN,

        Plaintiff,

        CASE NO.: 6.17-CV-829-ORL-40-DCI

v.

PROPERTYWISE, LLC,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Joshua Daymean ("Plaintiff"), by and through his undersigned attorneys, hereby files his Complaint and Demand for Jury Trial against Defendant Propertywise, LLC ("Defendant"), and in support thereof, states as follows:

1. This is an action for injunctive and declaratory relief, monetary damages, punitive damages and attorney's fees brought by Plaintiff who, during all times mentioned herein, resides in Orlando, Florida.

2. Plaintiff alleges claims pursuant to Defendants violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968 (the "FHA"), as amended, 42 U.S.C. §§ 3601 *et seq.* (hereinafter, the "Act").

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Fair Housing Act, 42 U.S.C. § 3613 and 28 U.S.C. §§ 1331 and 1343.

4. Venue is in the District of the Middle District of Florida, Orlando Division, where Defendant is located, owns property, or has its principal place of business, and has sufficient contacts pursuant to 28 U.S.C. §1391(b) and (c).

## PARTIES

5.  Plaintiff is the father of two children aged 1 and 2 years of age. He is deeply committed to fair housing and the goals of the Fair Housing Act, and has been and continues to be adversely affected by Defendant's intentional bad faith violations of the FHA described herein.

6.  During all times mentioned herein, Defendant is a Limited Liability Company duly authorized and existing under and by virtue of the laws of the State of Florida, with an office and principal place of business located at 5550 East Michigan Street, Orlando, Florida 32822. During all times mentioned herein, Defendant owns several condominium units at a condominium in Orlando, Florida named The Registry at Michigan Park Condominiums ("Registry").

### Supporting Facts

7.  On or about Friday, April 14, 2017, or Saturday, April 15, 2017, Plaintiff responded to an on line advertisement placed by Defendant stating that Defendant had a two-bedroom condo for rent at the Registry.

8.  Plaintiff received a return telephone call from a representative of Defendant who Plaintiff believes called himself "Avri" and stated he was returning Plaintiff's call concerning the on line advertisement for a two-bedroom rental at the Registry, which Plaintiff came to learn was Unit "2116". Plaintiff has since learned, and believes that "Avri" is Avri Steiner, who is identified in the Florida Department of State Division of Corporations as the Manager of Defendant.

9.  During the telephone call "Avri" asked Plaintiff how much he made, and Plaintiff told him. "Avri" then asked if Plaintiff had children, and when Plaintiff responded that he had two, "Avri" asked how old they were. When Plaintiff said they were one and two years of age, "Avri" said he was familiar with children that age, and that they would mess up his carpet. Plaintiff responded that he was presently living in a Registry three-bedroom Unit with his two children that

2

also had carpet, and there was no problem, "Avri" stated he was sorry but would not be able to offer Plaintiff the two bedroom unit Defendant was advertising.  When Plaintiff stated he did not believe this was legal, "Avri" stated he was terminating the conversation and did not like Plaintiff's tone.

10. After Plaintiff did some checking on line and determined that, in fact, Defendant's refusal was not legal, he texted Defendant using the cellular phone number from which Defendant returned his telephone call (it was also identified in the on line advertisement), again complaining about the illegality of Defendant's actions and conforming that Defendant had refused to rent to him because of his two minor children.  Defendant's return texts denied the communication despite the fact of telephone logs and text messages.

## COUNT I
### (FHA Violation for Familial Discrimination)

11. Plaintiff repeats and realleges the allegations in paragraphs "1" through "10".

12. Defendant's above April 15, 2017 statements to Plaintiff were made with Respect to the rental of a dwelling; that is, the unit Plaintiff had called about to rent for himself and his two minor children; and Defendant's response indicated discrimination against Plaintiff on the basis of a protected class; that is, familial status due to Plaintiff's two minor children.

13. Defendant's statements constitute a violation of 42 U.S.C. § 3604(b) since Defendant's above-identified statements to Plaintiff constitute discrimination against Plaintiff in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith because of familial status; that is, because of Plaintiff's two minor children.  Defendant had no legitimate non-discriminatory reason for refusal to rent to Plaintiff.

14. As a direct and proximate result of Defendant's aforesaid actions, Plaintiff has

3

suffered and continues to suffer humiliation, embarrassment, and emotional distress for which he is entitled to compensatory and punitive damages.

15. Plaintiff has engaged the services of the below signed attorney, and is obligated to pay him a reasonable fee and costs.

WHEREFORE, Plaintiff respectfully requests this Court:

(1)  Declare Defendant's actions complained of herein to be in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3604(b);

(2)  Order Defendant to take appropriate affirmative action to insure that the activities complained of are not engaged in again by Defendant or any of its agents;

(3)  Permanently enjoin Defendant, its agents, employees and successors from Discriminating against any person in violation of the Fair Housing Act of 1968, as amended;

(4)  Award Plaintiff appropriate punitive and compensatory damages against Defendant;

(5)  Award Plaintiff attorney's fees and costs pursuant to 42 U.S.C. § 3613(c)(2); and

(6) Provide Plaintiff such other and further relief as this Court may deem just, proper and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues pursuant to Rule 38(b) of the Federal

Rules of Civil Procedure.

SAADY & SAXE, P.A.

Daniel L. Saxe, Esq.
FBN 102962
205 Crystal Grove Blvd.
Lutz, Florida 33548
Tel: (813) 909-8855
Fax: (813) 909-8844
Email:  dan@saadyandsaxe.com
          assistant@saadyandsaxe.com
*Attorneys for Plaintiff*